UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

DEBRA A. JARRELL                              CIVIL ACTION

VERSUS                                        NO: 11-1222

SOUTHERN FIDELITY INSURANCE                   SECTION: "A" (2)
CO.

### ORDER AND REASONS

Before the Court is a **Motion to Re-Open Case (Rec. Doc. 18)** filed by plaintiff Debra A. Jarrell.[1] Defendant Southern Fidelity Insurance Co. opposes the motion. The motion, set for submission on April 25, 2012, is before the Court on the briefs without oral argument.

This suit arises out of a fire that occurred on December 21, 2010, at Plaintiff's property located in Chalmette, Louisiana. Defendant insured the property for fire losses and the policy provided dwelling coverage in the amount of $191,000.00. Plaintiff obtained a damage estimate of $93,954.51 but Defendant submitted a damage estimate of $44,412.58 and tendered payment in the amount of $38,739.22. Invoking Louisiana's Valued Policy Law, La. R.S. § 22:1318, Plaintiff seeks the full policy limits, in addition to penalties and attorney's fees.

---

[1] Plaintiff electronically filed her motion formatted for legal-sized paper. Local Rule 10.1 of this Court mandates that all documents be filed in 8-1/2 by 11 inch format. All future filings must comply with this rule.

1

On August 25, 2011, the Court stayed this matter pending the outcome of the appraisal process dictated in the policy. Plaintiff now moves to reopen the case pointing out that the appraisal process is complete and the case is ready to move forward on the claims that were not subject to appraisal. Defendant opposes reopening the case arguing in essence that Plaintiff's remaining claims lack merit.

The merits of Plaintiff's remaining claims are not before the Court at this time.  The Court directs Defendant's attention to its ruling entered on August 25, 2011, when the Court granted Defendant's motion to stay the litigation (Rec. Doc. 17).  In that ruling the Court took great pains to explain the limited purpose for which the case would be stayed and the narrow scope of the appraisal process.  (Id.).  A stay like the one that the Court granted in this case cannot be the basis for depriving Plaintiff of the right to proceed on her remaining claims.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Re-Open Case (Rec. Doc. 18)** filed by plaintiff Debra A. Jarrell is **GRANTED**.  The Section A Case Manager is instructed to set a scheduling conference with counsel.

April 27, 2012

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

2